■ Bella Katanov, Appellant, v County of Nassau et al., Respondents. [936 NYS2d 285]—

On the morning of October 21, 2008, the plaintiff, a pedestrian, was struck by a police car in the parking lot of an assisted living facility in the Town of North Hempstead. The police car was being operated by the defendant Scott Blanshan, a Nassau County Police Officer (hereinafter the police officer), while he was responding to a 911 call originating from the facility. The plaintiff commenced this action against the police officer and the defendants County of Nassau and Nassau County Police Department. The defendants moved for summary judgment dismissing the complaint on the grounds that the police officer's conduct could not form the basis of liability and that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. The Supreme Court granted the motion, and the plaintiff appeals. We reverse.

The Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of that branch of their motion, the defendants relied upon, inter alia, the affirmed medical report of Dr. Jerrold M. Gorski, their examining orthopedic surgeon. Dr. Gorski examined the plaintiff on March 22, 2010, and, during that examination, he noted significant limitations in her shoulders and neck (see Grisales v City of New York, 85 AD3d 964, 965 [2011]; Torres v Torrano, 79 AD3d 1124 [2010]; Mondevil v Kumar, 74 AD3d 1295, 1296 [2010]; Smith v Hartman, 73 AD3d 736 [2010]; Quiceno v Mendoza, 72 AD3d 669 [2010]). Since the defendants failed to meet their prima facie burden with respect to the issue of serious injury, it is unnecessary to determine whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact in this regard (see Grisales v City of New York, 85 AD3d at 965; Coscia v 938 Trading Corp., 283 AD2d 538 [2001]).

The Supreme Court also erred in granting that branch of the defendants' motion which was for summary judgment dismissing the complaint on the ground that the police officer's conduct

could not form the basis of liability. In concluding that the actions of the police officer, in the emergency operation of his vehicle, were subject to the reckless disregard standard under Vehicle and Traffic Law § 1104 (e), the Supreme Court failed to apply the correct standard. "[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104 (e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b)" (*Kabir v County of Monroe*, 16 NY3d 217, 220 [2011]). "Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (*id.*). Here, the injury-causing conduct of the police officer, i.e., making a turn into a parking space located within the parking lot while traveling at approximately two miles per hour, did not fall within any of the categories of privileged conduct set forth in Vehicle and Traffic Law § 1104 (b) (*see Kabir v County of Monroe*, 16 NY3d 217 [2011]; *Tatishev v City of New York*, 84 AD3d 656, 657 [2011]). Thus, the plaintiff's claim was governed by principles of ordinary negligence.

A driver is negligent when an accident occurs because he or she failed to see that which through the proper use of his or her senses he or she should have seen (*see Heath v Liberato*, 82 AD3d 841 [2011]; *Kucar v Town of Huntington*, 81 AD3d 784, 785 [2011]; *Dominguez v CCM Computers, Inc.*, 74 AD3d 728, 729 [2010]; *Mohammad v Ning*, 72 AD3d 913, 915 [2010]). Here, the police officer admitted during his deposition testimony, which the defendants submitted in support of their motion, that he never saw the plaintiff until after he struck her with his car as he was trying to park.

Accordingly, because the defendants failed to make a prima facie showing that the police officer's conduct could not form the basis of liability, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the complaint on that ground, regardless of the sufficiency of the plaintiff's opposition papers as to the issue of liability (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

We decline the plaintiff's request to search the record and award her summary judgment on the issue of liability. Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 33497(U).]**