■ ROBERT MATICAN, Appellant, v CITY OF NEW YORK et al., Respondents. [941 NYS2d 698]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kerrigan, J.), dated October 19, 2010, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action, and substituting therefor a provision denying those branches of the defendants' motion; as so modified, the order is affirmed, with costs to the plaintiff.

The plaintiff was arrested in Bayside, Queens on September 18, 2001, after he purchased a small amount of narcotics from a drug dealer (hereinafter the dealer). At the police station, the plaintiff was given a one-day confidential informant number after he agreed to arrange to meet the dealer the following day at their usual location, to purchase more narcotics, and to obtain the dealer's arrest. The agreed-upon plan provided for the police to arrest the dealer on the pretext of an ordinary traffic violation, based on the plaintiff's information that the dealer customarily made an illegal U-turn before parking his vehicle when they met. To protect the plaintiff's identity, the plaintiff would be hidden across the street in a dark athletic field with a police officer, whom he would notify when the dealer arrived. According to the plaintiff, he also informed the police that he was concerned that if the dealer made bail and came after him he would need protection, and the police assured him they would look after him, which led him to believe he would be safe.

On the following day, the plaintiff called the dealer and arranged to meet with him. The dealer arrived at the prearranged location and made the anticipated, illegal U-turn. However, according to the plaintiff, rather than arresting the dealer under the guise of an ordinary traffic stop, the police immediately converged on the dealer, emerging from at least three police cars in a "team effort" and blocking the dealer's vehicle with one police vehicle in front and another in back. This was accomplished in the presence of numerous supervisors, with officers in uniform and plain clothes. The police yelled at the dealer, demanding that he get out of his car, hurriedly opened the door to his vehicle, grabbed him and pinned him on the car, patted him down, and proceeded to "tear the car apart" searching for drugs. The police initially did not find anything. However, when the police consulted with the plaintiff, who had been hidden in

the athletic field the entire time, they were told to search the dealer's underwear, and, upon doing so, they recovered 16 bags of crack cocaine from his person. He was thereafter arrested.

On December 8, 2001, while at liberty on bail, the dealer attacked the plaintiff on the street, cutting him in the face with a box cutter and asking the plaintiff why he had "ratted" on him.

The plaintiff commenced this action against the City of New York and the police officers who were involved in the plan to arrest the dealer (hereinafter collectively the defendants), asserting causes of action which alleged, inter alia, that the defendants carelessly and recklessly planned and conducted the dealer's arrest in a manner that revealed the plaintiff's identity and exposed him to an unreasonable risk of harm, and that they breached their duty to protect him from harm arising out of his role in the arrest of the dealer. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals, and we modify.

An exception to the general rule which protects a municipality from liability for negligent police protection may exist where a plaintiff has a "special relationship" with a municipality, which is established by demonstrating the municipality's assumption of an affirmative duty to act on behalf of the party who was injured; knowledge of the municipality's agents that inaction could lead to harm, direct contact between the municipality's agents and the injured party; and the injured party's justifiable reliance on the municipality's affirmative undertaking (see Cuffy v City of New York, 69 NY2d 255, 260 [1987]; Etienne v New York City Police Dept., 37 AD3d 647, 649 [2007]).

Contrary to the Supreme Court's determination, with respect to the plaintiff's second cause of action, the defendants failed to establish, prima facie, that they did not assume an affirmative duty to protect the plaintiff by concealing his identity when they arrested the dealer, or that the plaintiff did not justifiably rely upon the alleged promise by the defendants to conceal his identity (see Cuffy v City of New York, 69 NY2d at 260). The defendants' submissions in support of their motion raised triable issues of fact both as to whether they assumed an affirmative duty to protect the plaintiff and as to whether the plaintiff justifiably relied upon the defendants' affirmative undertaking.

Similarly, with respect to the plaintiff's first cause of action, the defendants failed to establish, prima facie, that they did not assume an affirmative duty to protect the plaintiff from retaliation by the dealer after the dealer's arrest, or that the plaintiff did not justifiably rely on the defendants' promise to protect

him from retaliation after arrest (*id.*; *see Brown v City of New York*, 73 AD3d 1113 [2010]; *Taebi v Suffolk County Police Dept.*, 31 AD3d 531 [2006]; *Moreno v City of New York*, 27 AD3d 536 [2006]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The defendants' submissions in support of their motion raised triable issues of fact both as to whether they assumed an affirmative duty to protect the plaintiff from retaliation after arrest, and as to whether the plaintiff justifiably relied upon the defendants' alleged assumption of that duty (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action.

The plaintiff's remaining contentions are without merit or need not be reached in light of our determination. Florio, J.P., Belen, Roman and Sgroi, JJ., concur.