■ MARCIA FAJARDO et al., Appellants, v CITY OF NEW YORK et al., Respondents. [943 NYS2d 587]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Flug, J.), dated October 26, 2010, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

While attempting to change lanes on Queens Boulevard, a vehicle operated by the plaintiff Marcia Fajardo (hereinafter Fajardo) was struck in the rear by a New York City Fire Department fire rescue truck that was responding to an emergency.

"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104 (e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (*Kabir v County of Monroe*, 16 NY3d 217, 220 [2011]; *see Katanov v County of Nassau*, 91 AD3d 723 [2012]). Here, the fire rescue truck struck Fajardo's vehicle approximately 30 seconds after the traffic signal controlling the lane in which both vehicles were traveling changed from red to green, and while the fire rescue truck was decelerating from approximately 15 miles per hour in moderate-to-heavy traffic conditions. Vehicle and Traffic Law § 1104 (b) does not exempt the driver of an authorized emergency vehicle engaged in an emergency operation from the rule that prohibits a driver of a vehicle from following too closely behind another vehicle (*see* Vehicle and Traffic Law § 1129 [a]). Therefore, the driver of the fire rescue truck was not engaged in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b), and, thus, the principles of ordinary negligence apply (*see Gonzalez v City of New York*, 91 AD3d 582 [2012]; *Tatishev v City of New York*, 84 AD3d 656, 657 [2011]).

" 'A driver of a vehicle approaching another vehicle from the

rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle' " (*Ortiz v Hub Truck Rental Corp.*, 82 AD3d 725, 726 [2011], quoting *Nsiah-Ababio v Hunter*, 78 AD3d 672, 672 [2010]). Thus, "a rear-end collision establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Ortiz v Hub Truck Rental Corp.*, 82 AD3d at 726). A nonnegligent explanation may include that a plaintiff made a sudden lane change in front of a defendant's vehicle, forcing the defendant to stop suddenly (*id.*; *see Reitz v Seagate Trucking, Inc.*, 71 AD3d 975, 976 [2010]).

Here, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law in light of the conflicting versions regarding the happening of the accident. New York City Fire Department Lieutenant James Carney testified at his deposition that the fire rescue truck was in the center lane when Fajardo's vehicle cut across three lanes of traffic, from the left lane to the right lane, but was unable to completely enter the right lane before the fire rescue truck struck her vehicle (*see Ortiz v Hub Truck Rental Corp.*, 82 AD3d at 726). However, according to the testimony given by Fajardo at a hearing pursuant to General Municipal Law § 50-h, which was offered as part of the defendants' moving papers, she was in the far left lane with the fire rescue truck immediately behind her. Fajardo testified that, in order to get out of the fire rescue truck's path, she attempted to move her vehicle into the center lane, but was unable to complete the lane change because of traffic ahead of her. She further testified that the fire rescue truck then struck her vehicle on the rear driver's side. Thus, the defendants' own submissions raised factual issues regarding how the accident occurred, and whether the driver of the fire rescue truck should have anticipated that Fajardo would not be able to complete her lane change under the moderate-to-heavy traffic conditions on Queens Boulevard (*see Volpe v Limoncelli*, 74 AD3d 795, 795-796 [2010]; *Staton v Ilic*, 69 AD3d 606, 607 [2010]).

Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been denied. Rivera, J.P., Chambers, Roman and Sgroi, JJ., concur.