■ JANEYHSKA BENN, an Infant, by Her Mother and Natural Guardian, ROSA JONES, et al., Respondents, v NEW YORK PRESBYTERIAN HOSPITAL et al., Appellants-Respondents, and CITY OF NEW YORK et al., Respondents-Appellants. [990 NYS2d 584]—

In an action to recover damages for personal injuries, etc., the defendants New York Presbyterian Hospital and Aron Z. Weichbrod appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated June 1, 2012, as denied their motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against them, and the defendants City of New York and New York City Police Department cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs.

On May 19, 2008, at approximately 8:30 a.m., the injured plaintiff, then 13 years old, exited a city bus at the northeast

corner of Coney Island Avenue and Avenue K in Brooklyn, on her way to her school, P.S. 99. To get to P.S. 99 from the bus stop, the injured plaintiff had to cross Coney Island Avenue, a two-way, north-south street with two lanes of traffic traveling in each direction and left-turn lanes for each direction of travel, and Avenue K, a two-way east-west street with one lane of traffic traveling in each direction. A school crossing guard, employed by the defendant New York City Police Department and assigned to the intersection of Coney Island Avenue and Avenue K, was standing at the southwest corner of the subject intersection. A traffic light controlled traffic at this intersection. There were also crosswalks with pedestrian signals at each corner.

The injured plaintiff crossed over Avenue K on the east side of Coney Island Avenue before attempting to go across Coney Island Avenue from the southeast corner to the southwest corner. When she entered the crosswalk, the pedestrian signal was in her favor and there were vehicles stopped at the traffic light on Coney Island Avenue. As the injured plaintiff was in the process of crossing Coney Island Avenue and had passed the two northbound vehicles stopped at the light on Coney Island Avenue, an ambulance owned by the defendant New York Presbyterian Hospital and operated by the defendant Aron Z. Weichbrod (hereinafter together the hospital defendants), was traveling north on Coney Island Avenue responding to an emergency call.

As the ambulance approached the intersection of Coney Island Avenue and Avenue K, Weichbrod drove to the left of the two northbound vehicles which were stopped at the light and entered the left-turn lane. Before the ambulance reached the crosswalk, the traffic light turned green in its favor. While the injured plaintiff was in the middle of the crosswalk, the ambulance struck her.

The injured plaintiff, and her mother suing derivatively, commenced this action against the hospital defendants and the defendants City of New York and New York City Police Department (hereinafter together the city defendants) to recover damages for, inter alia, the injured plaintiff's personal injuries.

The hospital defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that since Weichbrod was responding to an emergency, he could only be held liable for the accident if he acted in reckless disregard for the safety of others pursuant to Vehicle and Traffic Law § 1104. The city defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the basis that

they were entitled to absolute immunity, since traffic control is a discretionary governmental function, or, in the alternative, because they did not owe a duty to the injured plaintiff. The Supreme Court denied the motion and the cross motion.

The hospital defendants did not establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. Vehicle and Traffic Law § 1104 (b), which applies to an authorized emergency vehicle involved in an emergency operation, provides, in part, that the driver may:

"(b) . . . 1. Stop, stand or park irrespective of the provisions of this title;

"2. Proceed past a steady red signal, a flashing red signal or a stop sign, but only after slowing down as may be necessary for safe operation;

"3. Exceed the maximum speed limits so long as he does not endanger life or property;

"4. Disregard regulations governing directions of movement or turning in specified directions. . . .

"(e) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others."

"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104 (e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (*Kabir v County of Monroe*, 16 NY3d 217, 220 [2011]; *see Fajardo v City of New York*, 95 AD3d 820, 820 [2012]; *Katanov v County of Nassau*, 91 AD3d 723 [2012]). "A driver is negligent when an accident occurs because he or she failed to see that which through the proper use of his or her senses he or she should have seen" (*Katanov v County of Nassau*, 91 AD3d at 725; *see Starkman v City of Long Beach*, 106 AD3d 1076, 1078 [2013]).

Here, evidence submitted by the hospital defendants in support of their motion demonstrated that the injured plaintiff entered the subject crosswalk with the pedestrian signal in her favor and was still within that crosswalk when the ambulance entered the crosswalk, upon the traffic control device turning green. Pursuant to Vehicle and Traffic Law § 1112, a pedestrian

facing a steady WALK signal has the right of way (*see* Vehicle and Traffic Law § 1112 [a]). Thus, "any pedestrians who have partially completed their crossing on the WALK or flashing DON'T WALK signal shall proceed to a sidewalk or safety island while the steady DON'T WALK signal is showing" (Vehicle and Traffic Law § 1112 [c]). Moreover, Vehicle and Traffic Law § 1111 (a) (1) provides that a vehicle with a green traffic light "may proceed straight through or turn right or left." However, "[a]lthough a driver facing a steady green light is entitled to proceed, he or she has a duty to yield the right-of-way to pedestrians lawfully within a crosswalk" (*Barbieri v Vokoun*, 72 AD3d 853, 855 [2010]).

Failure to abide by the provisions set forth in Vehicle and Traffic Law §§ 1111 and 1112, which was the injury-causing conduct at issue here, is not privileged conduct pursuant to Vehicle and Traffic Law § 1104 (b). As the injury-producing conduct was not specifically exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b), the principles of ordinary negligence apply (*see Fajardo v City of New York*, 95 AD3d at 820). The hospital defendants submitted the deposition testimony of the school crossing guard and an eyewitness, both of whom testified that the ambulance did not slow down when the accident occurred, along with Weichbrod's deposition testimony that his vision was obstructed on his right so that his view of the crosswalk was obstructed. Therefore, the hospital defendants failed to eliminate all triable issues of fact with respect to whether Weichbrod negligently operated the ambulance. Thus, the hospital defendants did not meet their prima facie burden (*see id.* at 821; *Katanov v County of Nassau*, 91 AD3d at 725).

Further, the city defendants did not establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them.

"To impose liability [upon a municipality], there must be a duty that runs from the municipality to the plaintiff. We have recognized a narrow class of cases in which a duty is born of a special relationship between the plaintiff and the governmental entity" (*Pelaez v Seide*, 2 NY3d 186, 198-199 [2004]; *see Flagstar Bank, FSB v State of New York*, 114 AD3d 138 [2013]). One of the ways that a special relationship arises is when the municipality "assumes a duty that generates justifiable reliance by the person who benefits from the duty" (*Pelaez v Seide*, 2 NY3d at 199). The issue of whether a municipality has assumed an affirmative duty that resulted in justifiable reliance by the plaintiff requires: "(1) an assumption by a municipality, through

promises or actions, of an affirmative duty to act on behalf of the injured party; (2) knowledge on the part of a municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking" (*Pelaez v Seide*, 2 NY3d at 202; *see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Matican v City of New York*, 94 AD3d 826, 828 [2012]; *Vandewinckel v Northport/East Northport Union Free School Dist.*, 24 AD3d 432 [2005]).

Here, in support of their cross motion, the city defendants submitted the crossing guard's deposition testimony, in which she averred that she observed the injured plaintiff get off the bus with her friends the morning of the accident just as the crossing guard observed every morning, that she was "[r]ight there watching" the injured plaintiff when the accident occurred, that she observed the injured plaintiff crossing Coney Island Avenue slowly with the light in her favor when the crossing guard heard the ambulance coming and knew that she "needed to stop the kid," and that when she saw the ambulance approaching, it was moving as the other northbound vehicles were stopped, so she "blew [her] whistle," and when the injured plaintiff failed to stop, the crossing guard put up her right hand. Based on the city defendants' submissions, they failed to demonstrate, prima facie, the absence of a special relationship with the injured plaintiff (*see Lopez v Beltre*, 59 AD3d 683, 685 [2009]; *see also Florence v Goldberg*, 44 NY2d 189 [1978]).

Further, "[g]overnment action, if discretionary, may not be a basis for liability, while ministerial actions may be, but only if they violate a special duty owed to the plaintiff, apart from any duty to the public in general" (*McLean v City of New York*, 12 NY3d 194, 203 [2009]; *see Valdez v City of New York*, 18 NY3d 69, 76-77 [2011]; *Kircher v City of Jamestown*, 74 NY2d 251, 253 [1989]; *Cuffy v City of New York*, 69 NY2d at 260). Here, the city defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them on the basis that the crossing guard's actions were discretionary. Based on their submissions in support of their cross motion, and under the circumstances here, the city defendants failed to eliminate all triable issues of fact as to whether the crossing guard's actions constituted ministerial governmental functions (*see e.g. Kupferstein v City of New York*, 101 AD3d 952, 953 [2012]).

Since neither the hospital defendants nor the city defendants met their prima facie burden, we need not address the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the hospital defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and that branch of the city defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.