■ DIONNE ROSE, Respondent, v DAVID PAULINO, Appellant. [999 NYS2d 141]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Partnow, J.), dated January 15, 2013, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

In this action to recover damages for personal injuries, the plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that, while crossing the street, she was struck by the defendant's vehicle when he was attempting to make a left-hand turn (*see* Vehicle and Traffic Law § 1146 [a]; *Voskin v Lemel*, 52 AD3d 503 [2008]). There is no dispute that the plaintiff was walking within the crosswalk, that the light was in her favor, and that she had nearly finished crossing the street when she was struck by the defendant's vehicle. Furthermore, the defendant admitted at his deposition that he had failed to look at the entire crosswalk before proceeding to make the turn and that he did not see the plaintiff at any time before the accident (*see generally Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055 [2013]; *Katanov v County of Nassau*, 91 AD3d 723 [2012]). Therefore, the plaintiff established that the defendant was negligent, that the defendant's negligence proximately caused the accident, and that the plaintiff was free from comparative fault.

In opposition, the defendant failed to raise a material issue of fact as to his negligence or as to the plaintiff's comparative fault (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability. Balkin, J.P., Leventhal, Hall and Hinds-Radix, JJ., concur.