OPINION OF THE COURT
Terry J. Ruderman, J.
The plaintiff moves for an order pursuant to CPLR 3212 granting him summary judgment on the issue of liability against the defendants. The defendants separately move for summary judgment dismissing the complaint.
The plaintiff commenced this action to recover damages for a fractured right hand and other injuries, which occurred on August 29, 2013, at approximately 10:30 a.m., when he was struck by a police vehicle near 245 Rumsey Road in Yonkers, Westchester County. The plaintiff testified at his deposition that he had called 911 to report that he was dizzy and nauseous, and had gone outside of his home to await the arrival of the police. He was later told by hospital workers that he had cannabis in his system, and he surmised that a coworker had put marijuana in his food at work. (Notice of motion, sequence No. 2, exhibit D at 40-43.) He testified that he was sitting on the sidewalk, five to seven feet from a driveway, when he was struck by the police vehicle. (Notice of motion, sequence No. 2, exhibit D at 60-61.)
The defendants do not deny or dispute that the police vehicle struck the plaintiff. Police Officer Bracken testified that he was driving an emergency services truck, which he described as “a Ford 550 box truck.” (Notice of motion, sequence No. 2, exhibit F at 7.) He explained that he was engaged in an emergency response for an emotionally disturbed person. He was traveling at approximately 25 to 30 miles per hour, and stopped at a red light near the location for about 10 seconds, before continuing. As he looked down Rumsey Road, he saw a man waiving his arms, standing on the sidewalk, to his left. (Notice of motion, sequence No. 2, exhibit F at 39-43.) Bracken, traveling at a speed of five to seven miles per hour, made a left turn into the driveway near the man waiving his arms. (Notice of motion, sequence No. 2, exhibit F at 43.) At no point in time did Bracken observe the plaintiff on the sidewalk, and he did *546 not feel a bump as he drove over the plaintiff; he only heard screaming from under the truck. (Notice of motion, sequence No. 2, exhibit F at 53-54.)
An accident investigation report prepared by the Yonkers Police Department concluded that “[t]he cause of the crash was human error/confusion on the part of the pedestrian (EDP) who was in the driveway that was poorly lit and subject to vehicular traffic.” (Notice of motion, sequence No. 2, exhibit L.) A supervisor’s report also prepared by the Yonkers Police Department concluded that the accident was avoidable “on the part of the pedestrian and the driver . . . .” (Notice of motion, sequence 2, exhibit M.)
In support of his motion, plaintiff argues that defendant Bracken was negligent as a matter of law, as he failed to observe the plaintiff prior to the accident. Plaintiff contends that the police accident reports constitute admissions of liability, and that the plaintiff has a “serious injury” within the meaning of Insurance Law § 5102 (d).
In opposition, defendants submit the expert report of Thomas C. Onions, BCFE, FACFE, who states that at the time the defendant driver was turning left into the driveway, because of the configuration of the roadway, the driver’s height, and the height of the truck’s hood, the driver would have been unable to see anything on the sidewalk or driveway for a distance of 26 feet from the front of the truck. The defendants argue that the police reports do not admit liability, and that the defendant driver could not have seen the plaintiff lying on the driveway given the darkness and the obstructed view from the truck. Further, defendants maintain that the plaintiff must establish recklessness to recover, which plaintiff cannot do.
On the defendants’ separate motion for summary judgment, the defendants repeat their argument that the defendant driver’s conduct was not reckless as a matter of law. In opposition, the plaintiff contends that the applicable burden of proof is ordinary negligence, and that plaintiff has established ordinary negligence as a matter of law.
Analysis
The court’s function on this motion for summary judgment is issue finding rather than issue determination. (Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957].) Since summary judgment is a drastic remedy, it should not be granted where there is any doubt as to the existence of a tri *547 able issue. (Rotuba Extruders v Ceppos, 46 NY2d 223 [1978].) The burden on the movant is a heavy one, and the facts must be viewed in the light most favorable to the nonmoving party. (Jacobsen v New York City Health & Hosps. Corp., 22 NY3d 824 [2014].)
“A plaintiff in a personal injury action who moves for summary judgment on the issue of liability has the burden of establishing, prima facie, both that the defendant was negligent and that he or she was free from comparative fault.” (Service v McCoy, 131 AD3d 1038, 1039 [2d Dept 2015].) “A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident.” (Boulos v Lerner-Harrington, 124 AD3d 709, 709 [2d Dept 2015].)
Vehicle and Traffic Law § 1104 (a) exempts the drivers of authorized emergency vehicles from the requirements of certain traffic laws when they are involved in an “emergency operation.” (Vehicle and Traffic Law §§ 114-b, 1104 [a]; see Criscione v City of New York, 97 NY2d 152, 156-157 [2001].) This statutory qualified immunity “precludes the imposition of liability for otherwise privileged conduct except where the conduct rises to the level of recklessness.” (Saarinen v Kerr, 84 NY2d 494, 497 [1994]; O’Banner v County of Sullivan, 16 AD3d 950, 952 [2005].) By statute, every police vehicle is an authorized emergency vehicle within the meaning of Vehicle and Traffic Law § 1104 (a) and (b). (Vehicle and Traffic Law § 101.)
Vehicle and Traffic Law § 1104 (b) designates the following traffic operations a driver of an authorized emergency vehicle involved in an emergency operation in certain situations may take, subject to a standard of recklessness:
“1. Stop, stand or park irrespective of the provisions of this title;
“2. Proceed past a steady red signal, a flashing red signal or a stop sign, but only after slowing down as may be necessary for safe operation;
“3. Exceed the maximum speed limits so long as he does not endanger life or property;
“4. Disregard regulations governing directions of movement or turning in specified directions.”
Vehicle and Traffic Law § 1104 (e) further provides that “[t]he foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for *548 the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others.” As was made clear in Kabir v County of Monroe (16 NY3d 217, 220 [2011]),
“the reckless disregard standard of care in Vehicle and Traffic Law § 1104 (e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence.” (Emphasis added.)
Notably, in Benn v New York Presbyt. Hosp. (120 AD3d 453 [2d Dept 2014]), the injured plaintiff entered the subject crosswalk with the pedestrian signal in her favor, and was in the crosswalk when the defendant’s ambulance entered the crosswalk, upon the traffic control device turning green. The Court held that
“[flailure to abide by the provisions set forth in Vehicle and Traffic Law §§ 1111 and 1112, which was the injury-causing conduct at issue here, is not privileged conduct pursuant to Vehicle and Traffic Law § 1104 (b). As the injury-producing conduct was not specifically exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b), the principles of ordinary negligence apply.” (Id. at 456.)
Similarly, in Starkman v City of Long Beach (106 AD3d 1076 [2d Dept 2013]), a police officer failed to observe the plaintiff lying on a beach chair, and ran him over, as he was investigating the source of a commotion at the beach. The Second Department held that the officer’s “conduct — the failure to see that which was there to be seen — was not conduct specified in Vehicle and Traffic Law § 1104 (b) as exempt from the rules of the road,” and granted summary judgment in favor of the plaintiff as to liability. (Id. at 1078.)
Here, defendants assert that the appropriate standard to be applied to Bracken’s actions is recklessness. Defendants contend that the driver of the police vehicle was engaged in privileged conduct specified in Vehicle and Traffic Law § 1104 (b) as exempt from the rules of the road, in that he was speeding *549 by driving over five miles per hour,* and that he turned into the driveway without signaling. Because failing to use a turn signal or driving into a driveway is not conduct delineated in Vehicle and Traffic Law § 1104 (b), speeding is the only category of privileged conduct which might apply under the circumstances. Even if the testimony could support an argument that Bracken was speeding, it is apparent that the only conduct on Bracken’s part which could have been a proximate cause of the accident was the defendant driver’s failure to observe the plaintiff sitting or lying on the sidewalk, as was the case in Starkman v City of Long Beach. Whether Bracken was driving four miles per hour, or six miles per hour, he would have struck the plaintiff, as he simply did not see him prior to the accident. To rule otherwise would require that the standard of recklessness be applied in every case, irrespective of whether exceeding the speed limit, no matter slightly, had any nexus to the happening of the accident. In this regard, the Court of Appeals in Kabir stated that “ [legislative history further supports the view that the reckless disregard standard of care in Vehicle and Traffic Law § 1104 (e) is limited to accidents or incidents caused by exercise of a privilege identified in Vehicle and Traffic Law § 1104 (b).” (Kabir, 16 NY3d at 226 [emphasis added].)
Thus, a standard of ordinary negligence applies. (See also Katanov v County of Nassau, 91 AD3d 723 [2d Dept 2012] [the injury-causing conduct of the police officer, i.e., making a turn into a parking space located within the parking lot while traveling at approximately two miles per hour, did not fall within any of the categories of privileged conduct].)
“A driver is negligent when an accident occurs because he or she failed to see that which through the proper use of his or *550 her senses he or she should have seen.” (Katanov v County of Nassau, 91 AD3d 723, 725 [2d Dept 2012].) Here, given the expert testimony of the obstructed line of sight of the driver, the lighting condition, and the other circumstances, issues of fact exist as to whether the defendants were negligent.
A plaintiff moving for summary judgment on the issue of serious injury must establish, prima facie, that he or she sustained a serious injury within the meaning of Insurance Law § 5102 (d), and “that the [serious] injury was causally related to the accident.” (Kapeleris v Riordan, 89 AD3d 903, 904 [2d Dept 2011].) Because it is undisputed that plaintiff suffered a fracture, serious injury has been established under Insurance Law § 5102 (d).
Based upon the foregoing, it is hereby, ordered that plaintiffs motion for summary judgment is granted only to the extent of finding that plaintiff suffered a serious injury under Insurance Law § 5102 (d); and it is further, ordered that the plaintiffs motion is otherwise denied; and it is further, ordered that defendants’ motion for summary judgment is denied.

 Officer Bracken testified that he was driving five to seven miles per hour. Defendants thus argue that Bracken was speeding under Vehicle and Traffic Law § 1225-a, which provides,
“No person shall drive a motor vehicle on or across a sidewalk, except that a vehicle may be driven at a reasonable speed, but not more than five miles per hour, on or across a sidewalk . . . to gain access to a . . . private way or lands or building . . . .” (But see Brown v City of White Plains, 2014 NY Slip Op 32822[U], *6 [Sup Ct, Westchester County 2014] [police officer was “traveling in heavy traffic at approximately 30 to 35 miles per hour in a 30 mile per hour zone and failed to stop or change lanes in time to avoid the plaintiffs’ stationary vehicle. It cannot be said, under these circumstances, that Burnett (police officer) was in fact speeding”].)