Chesney v City of Yonkers (2018 NY Slip Op 08277)





Chesney v City of Yonkers


2018 NY Slip Op 08277


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-07987
 (Index No. 68987/14)

[*1]Edward Chesney, appellant,
v
City of Yonkers, et al., respondents.


Jeffrey J. Shapiro & Associates, LLC, New York, NY, for appellant.
Oxman Law Group, PLLC, White Plains, NY (Marc S. Oxman and Julie Pechersky Plitt of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated June 21, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On the night of May 11, 2014, the plaintiff was struck by a police vehicle as he attempted to cross a street within a crosswalk against a traffic light in Yonkers. The plaintiff allegedly sustained personal injuries as a result of the accident, and commenced this action against the defendants, the alleged owners of the police vehicle. In their motion for summary judgment dismissing the complaint, the defendants argued that the police officer's conduct in the operation of the vehicle is governed by the reckless disregard standard of care under the qualified statutory privilege for drivers of emergency vehicles engaged in emergency operations (see Vehicle and Traffic Law § 1104[e]). In opposition, the plaintiff argued that his allegation that the officer failed to see what there was to be seen should be governed by the ordinary negligence standard of care (see Benn v New York Presbyt. Hosp., 120 AD3d 453). The Supreme Court applied the reckless disregard standard of care, and granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals.
"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) . . . applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (Kabir v County of Monroe, 16 NY3d 217, 220). Vehicle and Traffic Law § 1104(b)(3) permits the driver of an authorized emergency vehicle involved in an emergency operation to, inter alia, "[e]xceed the maximum speed limits so long as he [or she] does not endanger life or property" (see Saarinen v Kerr, 84 NY2d 494, 499).
In support of their motion, the defendants submitted evidence, including a surveillance video of the accident and deposition transcripts, sufficient to show that, at the time of [*2]the accident, the police officer was operating an authorized emergency vehicle and involved in an emergency operation, and that he was operating the vehicle in excess of the maximum speed limit (see Vehicle and Traffic Law § 1104[b]). The defendants further demonstrated that, based upon the speed of the vehicle, the officer was unable to stop his vehicle in time to avoid a collision with the plaintiff. Since the "injury-causing conduct" was operation of the vehicle in excess of the speed limit, the Supreme Court properly applied the reckless disregard standard of care (Kabir v County of Monroe, 16 NY3d at 220). Measuring the police officer's conduct under that standard, the defendants established, prima facie, that the officer did not operate the police vehicle with reckless disregard for the safety of others (see Saarinen v Kerr, 84 NY2d 494). In this regard, the defendants submitted evidence demonstrating, prima facie, that the police officer's vehicle had a green light, the plaintiff was in the crosswalk near the middle of the road attempting to cross the street against the light, and the officer attempted to brake in order to avoid contact. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the officer acted with reckless disregard for the safety of others.
Accordingly, we agree with the Supreme Court's granting of the defendants' motion for summary judgment dismissing the complaint.
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court