| |
|---|
| **Mulero v Rollins** |
| 2025 NY Slip Op 32018(U) |
| June 5, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 161219/2023 |
| Judge: Ariel D. Chesler |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARIEL D. CHESLER**       PART           **62M**

*Justice*

------------------------------------------------------------------------------X

BENIGNO JOSE MULERO,

                                  Plaintiff,

                                - v -

JORDAN GATES ROLLINS, THE NEW YORK CITY
POLICE DEPARTMENT, and THE CITY OF NEW YORK,

                                Defendants.

------------------------------------------------------------------------------X

| INDEX NO. | 161219/2023 |
|---|---|
| MOTION DATE | 09/05/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion to/for                   JUDGMENT - SUMMARY         .

Plaintiff Benigno Jose Mulero commenced this action against Jordan Gates Rollins

("Officer Rollins"), the New York City Police Department ("NYPD") and the City of New York

("City"), seeking damages for personal injuries plaintiff suffered as the result of a motor vehicle

accident. The verified summons and complaint are dated and were filed on November 15, 2023

(NYSCEF Doc. No. 1). Defendants appeared and answered on January 25, 2024, then filed an

amended answer on June 7, 2024. There has been no preliminary conference.

Currently plaintiff moves for an order, pursuant to CPLR § 3212, of partial summary

judgment on the issue of liability and for an order, pursuant to CPLR § 3211(b), striking any and

all of defendants' affirmative defenses relating to plaintiff's alleged comparative fault.

## Facts

According to the complaint, on October 11, 2022 plaintiff was riding his electric bicycle

on East 8th Street and Avenue D in Manhattan at approximately 6:50pm when he was struck by a

police vehicle (NYSCEF Doc. No. 14; *accord* NYSCEF Doc. No. 19, Exhibit 6, ¶ 3, plaintiff's

**161219/2023   MULERO, BENIGNO JOSE vs. GATES ROLLINS, JORDAN ET AL**       **Page 1 of 10**
**Motion No.  001**

1 of 10

affidavit in support). Plaintiff alleges that Officer Rollins was driving a police vehicle owned by the NYPD and the City bearing a New York State License Plate Number 470918 (NYSCEF Doc. No. 14, ¶ 38). He states that he was riding his e-bike slowly, at approximately 5 miles per hour, when the police car hit him, knocking over him and his e-bike (*id.*, ¶¶ 5-6). Officer Rollins left the subject police vehicle to ask plaintiff how he was doing and identified himself to plaintiff (*id.*, ¶ 7). Plaintiff avows that the police vehicle's sirens were not on (*id.*, ¶ 8) and that he was with his friend Sammy who called the ambulance that transported him to the hospital for treatment for his injuries (*id.*, ¶¶ 9-11).

According to the certified police accident report (NYSCEF Doc. No. 20), this motor vehicle accident took place near the internal pathway of the New York City Housing Authority (NYCHA) Jacob Riis Houses. At the time, Officer Rollins was responding to the aid of a three-year-old in an apartment in the complex who was having difficulty breathing (*id.*). The police report indicates that Officer Rollins' police vehicle had the lights on, and that he struck plaintiff's e-bike tire (*id.*). The police report states that plaintiff was a pedestrian walking alongside his e-bike when the police car struck the back tire of his e-bike (*id.*). However, according to the report, plaintiff stated that he was on his e-bike at the time of the accident (id.). Further, plaintiff stated in the report that the car did not stop and struck the back tire of his e-bike, which caused him to fall (*id.*).

In the affidavit by Officer Rollins submitted with defendants' opposition, Officer Rollins avows that his turret lights and sirens were activated when he was driving southbound on Avenue D as he turned left onto the sidewalk at the "T" intersection at East 8th Street and Avenue D (NYSCEF Doc. No. 27 , ¶ 2). He was responding to an emergency call of a child in distress with difficulty breathing (*id.*). Officer Rollins alleges that when he made a left-hand turn

161219/2023   MULERO, BENIGNO JOSE vs. GATES ROLLINS, JORDAN ET AL          Page 2 of 10
Motion No.  001

2 of 10

onto the sidewalk, driving at a speed of two miles per hour, he observed plaintiff riding his e-bike alongside another male (*id.*, ¶ ¶ 3, 4). Officer Rollins avers that he stopped and observed plaintiff stop his e-bike; but further avers that as he drove onto the sidewalk, plaintiff began to ride his e-bike and then abruptly stop (*id.*, ¶ ¶ 5, 6). Officer Rollins alleges that this caused his vehicle to strike the back tire of plaintiff's e-bike (*id.*, ¶ 6). He exited his vehicle and observed plaintiff's e-bike laying on the sidewalk (*id.*, ¶ 7). He also affirms that a large crowd formed and an unknown male shouted to plaintiff, "yo, go to the hospital, you want to go to the hospital" (*id.*, ¶10). Soon after, Officer Rollins observed plaintiff lower himself to the sidewalk and lay down, waiting for the ambulance to take him to the hospital (*id.*, ¶ 12). Officer Rollins states that his body worn camera (BWC) captured all of these events.

In addition, Officer Rollins affirms that his allegations are consistent with the findings in his NYPD Internal Affairs Bureau (IAB) Resume Report. In the IAB Report Officer Rollins states that the turret lights and sirens were engaged when he turned the police car onto the sidewalk, and that he was responding to three-year-old having difficulty breathing in the NYCHA complex (NYSCEF Doc. No. 29, p. 6). However, earlier in the IAB Report, plaintiff stated that the turret lights were on, but not the siren (*id.*, p. 4).

Legal Standard

In support of his motion, plaintiff cites to New York State Vehicle and Traffic Law ("VTL") § 1225-a. Plaintiff quotes New York State Vehicle and Traffic Law ("VTL") § 1225-a, which provides, as pertinent here:

> "No person shall drive a motor vehicle on or across a sidewalk, except that a vehicle may be driven at a reasonable speed, but not more than five miles per hour, on or across a sidewalk in such manner as not to interfere with the safety and passage of pedestrians thereon, who shall have the right of way, when it is

**161219/2023   MULERO, BENIGNO JOSE vs. GATES ROLLINS, JORDAN ET AL**
**Motion No.  001**

**Page 3 of 10**

3 of 10

[* 3]

reasonable and necessary: (a) to gain access to a . . . private way or
. . . buildings adjacent to such . . . way . . .'"

Plaintiff also preemptively opposes any argument defendants may make in opposition

under VTL § 1104. VTL § 1104 allows the driver of an authorized emergency vehicle that is

engaged in an emergency to "(1) stop, stand or park irrespective of this title; (2) proceed past a

steady red signal, a flashing red signal or a stop sign, but only after slowing down as may be

necessary for safe operation; (3) exceed the maximum speed limits so long as he does not

endanger life or property; (4) disregard regulations governing directions of movement or turning

in specified directions" (VTL § 1104 [b]). The recklessness standard applies to conduct

exempted by VTL § 1104 (b).

## Discussion

In the attorney affirmation, plaintiff argues that he has established his prima facie

entitlement to summary judgment on the issue of liability. Plaintiff contends that the facts

indisputably show that Rollin's police car struck plaintiff while he was on the sidewalk, and that

plaintiff is completely without fault. Plaintiff argues that Officer Rollins' actions demonstrate

ordinary negligence in that he drove the police vehicle onto the sidewalk and struck a pedestrian,

which is confirmed by the certified police accident report. Plaintiff argues that even if defendants

allege that they were responding to an emergency, the VTL would not apply because VTL §

1225-a does not allow emergency vehicles to drive on a sidewalk under any circumstances.

Plaintiff argues that because Officer Rollins violated VTL § 1225-a, this action was a clear

example of negligence as a matter of law, citing *Vainer v DiSalvo*, 79 AD3d 1023, 1024 (2d

Dept 2010).

Plaintiff further argues that VTL § 1104 does not apply here because even if defendants

were responding to an emergency, Officer Rollins did not engage the sirens, and he had no legal

**161219/2023   MULERO, BENIGNO JOSE vs. GATES ROLLINS, JORDAN ET AL**
**Motion No. 001**

Page 4 of 10

4 of 10

[* 4]

right to drive on a sidewalk. Plaintiff rejects defendants' argument that because Officer Rollins was responding to an emergency, VTL § 1104 (a) exempts him from the requirements of certain traffic laws. Instead, he states that VTL § 1104 (a) provides a statutory qualified immunity "preclud[ing] the imposition of liability for otherwise privileged conduct except where the conduct rises to the level of recklessness."

In support of his argument, plaintiff cites to several cases. Plaintiff compares his case to *Benn v New York Presbyt. Hosp.* (120 AD3d 453 [2d Dept 2014]), in which the defendant's ambulance entered a crosswalk while the pedestrian signal was in the plaintiff's favor. The Second Department found that the defendants were not protected by VTL § 1104 (b) because the plaintiff was in the crosswalk with the signal in her favor and the defendant ambulance entered that crosswalk without slowing down and when the plaintiff had the right of way as a pedestrian (*Benn*, 120 AD3d at 455-456). Also, plaintiff analogizes the current case to *Starkman v City of Long Beach*, 106 AD3d 1076 (2d Dept 2010), where the Second Department held that an officer who ran over the plaintiff, whom he did not notice, while investigating the source of a commotion at the beach, was not covered by VTL § 1104 (b). Similarly, plaintiff argues that the instant case is similar to the case *Katanov v County of Nassau*, 91 AD3d 723 (2d Dept 2012), in which the police officer struck a pedestrian in the parking lot of an assisted living facility while responding to a 911 call in the facility. The Second Department held that this was not privileged conduct under VTL § 1104 (b) because making a turn into a parking space in a parking lot while traveling at two miles per hour did not fall within the categories set forth in that statute (*Katanov*, 91 AD3d at 725). As such, plaintiff argues that the same standard of ordinary negligence controls here.

**161219/2023   MULERO, BENIGNO JOSE vs. GATES ROLLINS, JORDAN ET AL**
**Motion No.  001**

**Page 5 of 10**

5 of 10

Plaintiff argues that he does not need to show the absence of negligence on his part to be awarded summary judgment on the issue of liability, citing *Rodriguez v City of New York*, 31 NY3d 312, 323 (2018). In addition, plaintiff argues that the court should strike all of defendants' affirmative defenses related to plaintiff's alleged comparative fault since plaintiff was "simply a pedestrian" when he was struck by a vehicle that drove onto a sidewalk into the plaintiff's right-of-way as a pedestrian (NYSCEF Doc. No. 13, ¶ 53).

In opposition, defendants argue by counsel affirmation that there is a question of fact as to plaintiff's culpable conduct. As such, defendants argue that plaintiff's motion should be denied as premature. Defendants oppose plaintiff's arguments that Officer Rollins violated VTL § 1225-a, and they also dispute that Officer Rollins was engaged in an activity that was not protected as reasonable conduct under the VTL. Instead, defendants argue that there is a question of fact as to whether plaintiff was walking with his e-bike or riding his e-bike at the time he was struck. Defendants argue that plaintiff alleges that was riding his e-bike on the sidewalk (NYSCEF Doc. No. 19, ¶ ¶ 3, 5); thus, he does not fall within the definition of a pedestrian as "an individual walking or traveling in a wheelchair" (VTL § 130). Defendants also point out that in accordance with VTL § 1242(5)(a), "no bicycle with electric assist shall be operated on a sidewalk, except as may be authorized by local law or ordinance . . ."

As discussed above, defendants argue that the BWC footage supports Officer Rollins' affidavit. Although the accident is not visible in the footage, defendants argue that Officer Rollins observed that plaintiff was riding an e-bike, citing his affidavit. Defendants also refer to footage on the BWC that indicates that a crowd formed at the time of the accident with a person encouraging the plaintiff to go to the hospital and Officer Rollins stating that he hit plaintiff's bike, with additional footage showing plaintiff laying on the floor. Defendants argue that these

161219/2023   MULERO, BENIGNO JOSE vs. GATES ROLLINS, JORDAN ET AL
Motion No.  001

Page 6 of 10

6 of 10

[* 6]

alleged events create an issue of fact as to plaintiff's argument that defendants are negligent because the officer drove onto the sidewalk and struck a pedestrian.

Contrary to plaintiff's argument, defendants maintain that Officer Rollins reasonably used his senses, citing *Barbieri v Vokoun*, 72 AD3d 853 (2d Dept 2010) and exercised reasonable care to avoid an accident, citing *DeAngelis v Kirschner*, 171 AD2d 593, 595 (1st Dept 1991). Defendants cite Officer Rollins' affidavit, in which he stated that he slowed down and stopped when he turned into the housing complex and that he saw the plaintiff stop and start his e-bike, only to stop his e-bike abruptly as Officer Rollins slowly entered the sidewalk (NYSCEF Doc. No., 27; NYSCEF Doc. No. 29). In addition, defendants argue that Officer Rollins in fact had his sirens on as well as his turret lights when he turned into the sidewalk. Thus, they argue that Officer Rollins is covered by protections offered under VTL (NYSCEF Doc. No. 26, p. 8).

In addition, defendants argue that plaintiff's motion is premature as there are questions of fact that cannot be resolved without discovery, including depositions, a verified bill of particulars, and complete medical records of plaintiff's treatment for his alleged injuries. As stated above, defendants note that there has not been a preliminary conference or a case scheduling order. Defendants also argue against the court granting the prong of plaintiff's motion that seeks dismissal of defendants' affirmative defenses because there is a question of fact as to whether plaintiff was a pedestrian for the purposes of the VTL. Also, defendants argue that if the court were to grant plaintiff's motion, the issues of damages and causation, and the question of whether plaintiff suffered a serious injury, should be left for a jury to determine.

In reply, plaintiff submits an affirmation by counsel. Plaintiff argues that defendants submit evidence that supports his assertions and allegations. Plaintiff argues that the BWC footage of the accident (NYSCEF Doc. No. 28) shows the officer's vehicle turning onto the

**161219/2023   MULERO, BENIGNO JOSE vs. GATES ROLLINS, JORDAN ET AL**
**Motion No.  001**

Page 7 of 10

sidewalk and striking the plaintiff, and therefore it demonstrates that defendants were negligent.

Plaintiff argues that defendants' attempt to distract the court with bystanders' actions in the

BWC footage is not relevant to a determination of negligence against the officer. Plaintiff

contends that the video contains Officer Rollins' admissions that he turned into the NYCHA

complex and hit the bike and shows that plaintiff was stationary when the accident occurred.

Similarly, plaintiff argues that defendants' IAB Report indicates that he turned into the sidewalk

and hit one of the males who were riding their bikes on the sidewalk (NYSCEF Doc. No. 29).

Plaintiff contends that defendants fail to provide a "non-negligent" explanation for the accident

and thus fails to create an issue of fact. Plaintiff refutes defendants' argument that plaintiff's

motion is premature because defendants have not demonstrated that discovery might lead to

relevant evidence citing CPLR § 3212(f); *Boorstein v 1261 48th St. Condominium*, 96 AD3d 703

(2d Dept 2012). Plaintiff reiterates that the negligence rather than the recklessness standard

applies here.

Analysis

A motion for summary judgment should only be granted where the movant demonstrates

no material and triable issue of fact as to the cause of action (*Anderson v Commack Fire Dist.*, 39

NY3d 495, 506 [2023]). Partial summary judgment on liability should only be granted only when

plaintiff shows there is no triable issue of fact for every element of the cause of action (*id.*).

In order to show that plaintiff's motion for summary judgment is premature, defendants

must demonstrate that discovery may lead to relevant evidence or that the facts essential to

justify opposition to the motion were exclusively within the knowledge and control of plaintiff

(CPLR § 3212 [f]; *Marabyan v 511 W. 179 Realty Corp.*, 165 AD3d 581, 582 [1st Dept 2018]).

A motion for summary judgment is properly denied as premature where there is limited

161219/2023   MULERO, BENIGNO JOSE vs. GATES ROLLINS, JORDAN ET AL
Motion No.  001

Page 8 of 10

8 of 10

[* 8]

discovery and parties have not been deposed (*Belziti v Langford*, 105 AD3d 649, 649 [1st Dept 2013]). Here, defendants argue that questions of fact cannot be resolved without additional discovery, including depositions, and that they have not yet received a verified bill of particulars or plaintiff's medical file (NYSCEF Doc. No. 25, p. 8-9).

In light of the differing versions as to how the accident occurs and the possible contributions by the defendant and plaintiff, summary disposition is not warranted (*see id.*). Officer Rollins' affidavit, in which he avowed that he observed plaintiff stop and start his e-bike as he drove slowly on the sidewalk, raises an issue of fault in causation of the accident (NYCHA Doc. No. 27, ¶¶ 4-6; *see De Los Santos v New York City Tr. Auth.*, 129 AD3d 453, 454 [1st Dept 2015]). Also, defendants' argument that the turret lights and sirens were activated, and that plaintiff saw the police car entering the sidewalk but he started riding his bike and then stopped, are sufficient to raise questions of fact warranting a denial of plaintiff's pre-discovery motion for partial summary judgment on the issue of liability (*De Los Santos*, 129 AD3d at 454).

Pursuant to VTL § 1104 (a), drivers of authorized emergency vehicles are exempt from the requirements of certain traffic laws when the vehicles are involved in an "emergency operation" (VTL §§ 114-b, 1104(a); *see Criscione v City of New York*, 97 NY2d 152, 156-157 [2001]). An "emergency operation" exists, inter alia, when an authorized emergency vehicle is responding to the scene of a police call (VTL § 114-b). Thus, all police officers in patrol cars that respond to police calls are involved in emergency operation (*Criscione v New York*, 97 NY2d 152, page # [2002]). In such circumstances, VTL § 1104 considers the conduct "*privileged* under the statute [and] subject to a recklessness standard" (*Anderson v Commack Fire Dist.*, 39 NY3d 495, 502 [2023] [emphasis in original]).

Here, defendants appear to concede that VTL § 1104 does not apply here and the ordinary negligent standard applies but argue that they were not negligent because Officer Rollins drove onto a sidewalk and struck a "pedestrian" (NYSCEF Doc. No. 26, p. 6). Plaintiff states, and defendants seem to agree, that VTL § 1104 (b) is inapplicable here because Officer Rollins' conduct - making a left turn onto the sidewalk at a slow speed and "not contrary to any restriction on movement or turning" - is not enumerated in the statute (*Tatishev v City of New York*, 84 AD3d 656, 657 [1st Dept 2011]). Nevertheless, as laid out above, questions of fact exist as to whether Officer Rollins conduct was negligent and plaintiff's pre-discovery motion for partial summary judgment on liability is premature.

Accordingly, it is hereby

ORDERED, that the motion by plaintiff seeking an Order of this Court, pursuant to CPLR § 3212 granting him summary judgment on liability is denied; and it is further

ORDERED, that the motion by plaintiff seeking an Order of this Court, pursuant to CPLR § 3211(b), striking any and all of defendants' affirmative defenses relating to plaintiff's alleged comparative fault is denied.

This constitutes the decision and order of the Court.

_6/5/2025_
**DATE**

**ARIEL D. CHESLER, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161219/2023   MULERO, BENIGNO JOSE vs. GATES ROLLINS, JORDAN ET AL**
**Motion No.  001**

**Page 10 of 10**

[* 10]