PAUL REID et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [48 NYS3d 462]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated May 29, 2015, as granted the motion of the defendants City of New York and Paul O'Connor for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, and the motion of the defendants City of New York and Paul O'Connor for summary judgment dismissing the complaint insofar as asserted against them is denied.

On December 4, 2010, the plaintiff Paul Reid (hereinafter the plaintiff) allegedly was injured when a vehicle he was operating collided with an unmarked police vehicle operated by the defendant Paul O'Connor at the intersection of Remsen Avenue and Avenue M in Brooklyn. The plaintiff, and his wife suing derivatively, commenced this action against the City of New York and O'Connor (hereinafter together the defendants), among others.

According to the plaintiff, he entered the subject intersection with the green light in his favor. He and his wife, who was a passenger in his car, testified at their respective depositions that they did not hear any sirens or see any lights prior to the impact. In contrast, O'Connor testified at his deposition that he entered the intersection slowly, with his sirens and lights activated.

The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted their motion.

"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104 (e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (*Kabir v County of Monroe*, 16 NY3d 217, 220 [2011]; *see Benn v New York Presbyt. Hosp.*, 120 AD3d 453, 455 [2014]; *Fajardo v City of New York*, 95 AD3d 820 [2012]).

Here, the defendants failed to establish, prima facie, that O'Connor engaged in specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b) and that they were entitled to the reckless disregard standard of care (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The defendants also failed to establish, prima facie, that under principles of ordinary negligence, O'Connor was not at fault in the happening of the accident (*see generally Schwab v Silva*, 140 AD3d 727, 728 [2016]; *Lopez v Reyes-Flores*, 52 AD3d 785 [2008]; *Virzi v Fraser*, 51 AD3d 784 [2008]). Since the defendants failed to meet their prima facie burden, we need not consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853).

Accordingly, the Supreme Court should have denied the de-

fendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Cohen, Miller and Brathwaite Nelson, JJ., concur.