Martinez v Incorporated Vil. of Freeport (2020 NY Slip Op 02081)





Martinez v Incorporated Vil. of Freeport


2020 NY Slip Op 02081


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-13493
 (Index No. 2941/15)

[*1]Philip Martinez, et al., respondents,
v
Incorporated Village of Freeport, et al., appellants.


Bee, Ready, Fishbein, Hatter & Donovan, LLP, Mineola, NY (Andrew K. Preston and Amos Brunson, Jr., of counsel), for appellants.
Dell & Dean, LLC, Garden City, NY (Joseph G. Dell and Mischel & Horn, P.C. [Scott T. Horn and Christen Giannaros], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered August 29, 2018. The order denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The defendant Vincent Kennedy was operating a marked police vehicle when it struck the rear of a motorcycle owned and operated by the plaintiff Philip Martinez and occupied by the plaintiff Michele Russo. The plaintiffs subsequently commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that Kennedy did not operate his vehicle in reckless disregard for the safety of others. The Supreme Court denied the motion, and the defendants appeal.
"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b)" (Kabir v County of Monroe, 16 NY3d 217, 220). "Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (id. at 220).
Here, the defendants failed to establish, prima facie, that Kennedy engaged in specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b) and that they were entitled to the reckless disregard standard of care (see Reid v City of New York, 148 AD3d 739, 740). The defendants also failed to establish, prima facie, that under principles of ordinary negligence, Kennedy was not at fault in the happening of the accident (see id. at 740; cf. Ortiz v Hub Truck Rental Corp., 82 AD3d 725). Since the defendants failed to meet their prima facie burden, we need not consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., MILLER, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court