Proce v Town of Stony Point (2020 NY Slip Op 04195)





Proce v Town of Stony Point


2020 NY Slip Op 04195


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-04211
 (Index No. 31402/17)

[*1]Cindy Proce, et al., respondents,
v
Town of Stony Point, et al., appellants.


Cook, Netter, Cloonan, Kurtz & Murphy, P.C., Kingston, NY (Michael T. Cook of counsel), for appellants.
Goldblatt & Associates, P.C., Mohegan Lake, NY (Kenneth B. Goldblatt of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated March 18, 2019. The order granted the plaintiffs' motion for summary judgment on the issue of liability and dismissing the first and fifth affirmative defenses, and denied the defendants' cross motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, the plaintiffs' motion for summary judgment on the issue of liability and dismissing the first and fifth affirmative defenses is denied, and the defendants' cross motion for summary judgment dismissing the amended complaint is granted.
On October 11, 2016, at 7:53 a.m., the defendant Robert J. Hurley, a police officer employed by the defendant Town of Stony Point, was operating a police vehicle and made a left turn from the northbound lane of Route 9W onto Hastings Lane. Hurley's vehicle collided with a vehicle operated by the plaintiff Cindy Proce (hereinafter the injured plaintiff), which was stopped at a stop sign in the eastbound lane of Hastings Lane. The injured plaintiff, and her husband suing derivatively, commenced this personal injury action against the defendants.
Hurley testified at his deposition that at approximately 7:45 a.m., the police received a call from a woman who believed that a person was on her back porch, had tried to enter her home, and had run into the woods. Shortly thereafter, Hurley departed the police station in a marked police vehicle with its lights and siren activated. While en route to the scene, Hurley learned that another officer was responding to the residence, so Hurley turned off the lights and siren on his vehicle and canvassed a nearby street, looking for the suspect. Hurley received a radio call from a sergeant stating that he had located a person on Hastings Lane fitting the description of the suspect, and the person told the sergeant that he had been looking for his dog. Hurley testified that, in his own mind, the call was no longer a "high" priority, but he believed the situation called for caution until the suspect's story could be confirmed. Accordingly, Hurley proceeded to the sergeant's location, driving north on Route 9W toward Hastings Lane. When he reached Hastings Lane, Hurley made a sharp left turn from Route 9W onto Hastings Lane. As he turned left, the front driver's side of his vehicle struck the injured plaintiff's vehicle, which was facing east on Hastings Lane. Hurley [*2]testified that he did not see the injured plaintiff's vehicle until he was making the turn and was not able to stop in time to avoid the impact. The accident occurred at 7:53 a.m., approximately eight minutes after the police received the initial call regarding the incident. Hurley later learned that the other officers were able to confirm the suspect's statement that he had been looking for his dog.
The plaintiffs moved for summary judgment on the issue of liability and dismissing the fifth affirmative defense, alleging immunity pursuant to Vehicle and Traffic Law § 1104, and the first affirmative defense, alleging comparative negligence. The defendants cross-moved for summary judgment dismissing the amended complaint, contending that Hurley was engaged in an emergency operation, that his conduct was governed by the reckless disregard standard, and that he did not act with reckless disregard for the safety of others. The Supreme Court granted the plaintiffs' motion and denied the defendants' cross motion. The defendants appeal.
The defendants met their prima facie burden for summary judgment dismissing the amended complaint by establishing that Hurley was engaged in an emergency operation, that he was engaged in privileged conduct pursuant to Vehicle and Traffic Law § 1104(b)(4), and that, as a matter of law, Hurley's conduct did not rise to the level of reckless disregard for the safety of others. "[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (Kabir v County of Monroe, 16 NY3d 217, 220). Here, Hurley's deposition testimony established that he was engaged in an emergency operation at the time of the accident (see Criscione v City of New York, 97 NY2d 152, 157-158; Jimenez-Cruz v City of New York, 170 AD3d 975). The fact that Hurley believed the call was no longer a "high" priority and had deactivated the lights and siren on his vehicle does not, as the plaintiffs contend, mean that Hurley was no longer engaged in an emergency operation (see Criscione v City of New York, 97 NY2d at 157-158). An "emergency operation" is statutorily defined to mean, among other things, "[t]he operation . . . of an authorized emergency vehicle, when such vehicle is . . . responding to . . . the scene of a[ ] . . . police call" (Vehicle and Traffic Law § 114-b [emphasis added]). Since Hurley was responding to the scene of a police call at the time of the accident, he was engaged in an emergency operation (see Criscione v City of New York, 97 NY2d at 157-158).
Additionally, the defendants established, prima facie, that Hurley was engaged in privileged conduct at the time of the accident, as the driver of an authorized emergency vehicle is permitted to, inter alia, "[d]isregard regulations governing directions of movement" (Vehicle and Traffic Law § 1104[b][4]; see Green v Zarella, 153 AD3d 1162, 1163). As such, Hurley's conduct was governed by the reckless disregard standard (see Kabir v County of Monroe, 16 NY3d at 220).
Further, the defendants established, prima facie, that Hurley did not act with reckless disregard for the safety of others. The reckless disregard standard "demands more than a showing of a lack of due care under the circumstances'—the showing typically associated with ordinary negligence claims. It requires evidence that the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (Saarinen v Kerr, 84 NY2d 494, 501, quoting Prosser & Keeton, Torts § 34 at 213 [5th ed 1984]; see Frezzell v City of New York, 24 NY3d 213, 217; Campbell v City of Elmira, 84 NY2d 505, 510). "This standard requires a showing of more than a momentary lapse in judgment" (Puntarich v County of Suffolk, 47 AD3d 785, 786). Here, although Hurley's conduct may have constituted a momentary lapse in judgment, it did not rise to the level of reckless disregard for the safety of others (see Frezzell v City of New York, 24 NY3d at 217-218; Sarrinen v Kerr, 84 NY2d at 503).
In opposition to the defendants' prima facie showing, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, the Supreme Court should have granted the defendants' cross motion for summary judgment dismissing the amended complaint. For the same reasons, the court should have denied the plaintiffs' motion for summary judgment on the issue of liability and dismissing the first and fifth affirmative defenses.
SCHEINKMAN, P.J., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court