Edwards v Menzil (2020 NY Slip Op 04728)





Edwards v Menzil


2020 NY Slip Op 04728


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-11464
 (Index No. 15122/14)

[*1]Earlene Edwards, respondent, 
v
Brittany Menzil, et al., appellants.


Lifflander & Reich LLP (Carol R. Finocchio, New York, NY, of counsel), for appellants.
Robert A. Flaster, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated June 28, 2018. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint, and, upon renewal, in effect, vacated a prior order of the same court dated June 19, 2015, denying the plaintiff's motion for summary judgment on the issue of liability, and thereupon, granted the plaintiff's motion.
ORDERED that the order dated June 28, 2018, is affirmed insofar as appealed from, with costs.
This personal injury action arose from a collision between an ambulance operated by the defendant Brittany McNeil, incorrectly sued herein as Brittany Menzil, and a vehicle owned and operated by the plaintiff. The defendants moved for summary judgment dismissing the complaint, contending that McNeil did not operate the ambulance with reckless disregard for the safety of others as provided by Vehicle and Traffic Law § 1104(b) and (e). The plaintiff cross-moved for leave to renew her prior motion for summary judgment on the issue of liability, which had been denied in an order dated June 19, 2015. The Supreme Court denied the defendants' motion, granted the plaintiff's cross motion for leave to renew, and, upon renewal, in effect, vacated the order dated June 19, 2015, and thereupon, granted the plaintiff's motion for summary judgment on the issue of liability. The defendants appeal.
"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b)" (Kabir v County of Monroe, 16 NY3d 217, 220). "Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (id. at 220; see Benn v New York Presbyt. Hosp., 120 AD3d 453).
Here, the defendants failed to establish, prima facie, that McNeil engaged in specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b) and that they [*2]were entitled to the application of the reckless disregard standard of care (see Reid v City of New York, 148 AD3d 739, 740; cf. Torres v Saint Vincent's Catholic Med. Ctrs. of N.Y., 117 AD3d 717). The defendants also failed to establish, prima facie, that under the principles of ordinary negligence, McNeil was not at fault in the happening of the accident (see Xin Fang Xia v Saft, 177 AD3d 823, 825; Reid v City of New York, 148 AD3d at 740; cf. Ortiz v Hub Truck Rental Corp., 82 AD3d 725). Furthermore, on her cross motion, the plaintiff established, prima facie, that McNeil was at fault in the happening of the accident, and in opposition, the defendants failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determinations denying the defendants' motion for summary judgment dismissing the complaint, and, upon renewal, in effect, vacating the order dated June 19, 2015, and thereupon, granting the plaintiff's motion for summary judgment on the issue of liability. 
DILLON, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court