Modica v City of New York (2021 NY Slip Op 02287)





Modica v City of New York


2021 NY Slip Op 02287


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-02749
 (Index No. 13491/13)

[*1]Elena Modica, appellant, 
v
City of New York, et al., respondents, et al., defendants.


Torgan Cooper & Aaron, P.C. (Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner and MacKenzie Fillow of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated November 2, 2018. The order, insofar as appealed from, in effect, granted that branch of the motion of the defendants City of New York, New York City Police Department, and Elizabeth Breen which was for summary judgment dismissing the cause of action sounding in negligence.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants City of New York, New York City Police Department, and Elizabeth Breen which was for summary judgment dismissing the cause of action sounding in negligence is denied.
The plaintiff commenced this action against, among others, the defendants City of New York, New York City Police Department, and Elizabeth Breen (hereinafter collectively the defendants) to recover damages for personal injuries that she allegedly sustained on the evening of October 16, 2012, at the intersection of 84th Street and 12th Avenue in Brooklyn. The plaintiff was a passenger in a vehicle that collided with a marked police vehicle operated by Breen. The plaintiff alleged that Breen was negligent or, in the alternative, acted with reckless disregard in causing the accident.
The defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. They argued that the reckless disregard standard applied, and that Breen did not act with reckless disregard in causing the accident. The Supreme Court, inter alia, in effect, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action sounding in negligence, determined that there were triable issues of fact as to whether Breen acted with reckless disregard in causing the accident, and directed that the recklessness standard set forth in Vehicle and Traffic Law § 1104 be applied at trial. The plaintiff appeals.
"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation [*2]engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (Kabir v County of Monroe, 16 NY3d 217, 220; see Fuchs v City of New York, 186 AD3d 459; Proce v Town of Stony Point, 185 AD3d 975; Reid v City of New York, 148 AD3d 739, 740).
Here, the defendants established, prima facie, that a negligence standard of care was inapplicable to Breen's conduct, through the submission of evidence establishing that Breen was responding to another officer in need of assistance when she entered the intersection against a red traffic light and collided with the plaintiff's vehicle (see Criscione v City of New York, 97 NY2d 152, 157-158; Proce v Town of Stony Point, 185 AD3d 975; Martinez v City of New York, 175 AD3d 1284, 1285; Mouring v City of New York, 112 AD3d 588, 589). In opposition, however, the plaintiff raised triable issues of fact as to whether Breen was in fact responding to the other officer's call at the time of the accident and, therefore, whether the negligence standard should apply (see Oddo v City of Buffalo, 159 AD3d 1519, 1521-1522).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action sounding in negligence.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court