Holliday v City of New Rochelle (2021 NY Slip Op 04123)





Holliday v City of New Rochelle


2021 NY Slip Op 04123


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-13325
 (Index No. 64441/17)

[*1]Dorian Holliday, respondent, 
v
City of New Rochelle, et al., appellants.


Sokoloff Stern LLP, Carle Place, NY (Kiera J. Meehan and Stuart Diamond of counsel), for appellants.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Lawrence H. Ecker, J.), dated September 11, 2019. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On December 10, 2016, the plaintiff, within minutes after having been arrested and placed into a police vehicle operated by the defendant Carlos Jimenez, allegedly was injured when that vehicle was involved in an accident. Subsequently, the plaintiff commenced this action against Jimenez, who at the time of the accident was a police officer employed by the City of New Rochelle Police Department, and the defendant City of New Rochelle to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, contending that the undisputed evidence demonstrated that they were entitled to immunity pursuant to Vehicle and Traffic Law § 1104. In an order dated September 11, 2019, the Supreme Court, inter alia, denied the defendants' motion. The defendants appeal.
"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b)" (Kabir v County of Monroe, 16 NY3d 217, 220). "Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (id. at 220).
Here, while there is no dispute that Jimenez was involved in the emergency operation of his vehicle (see Vehicle and Traffic Law § 114-b), his injury-causing conduct did not fall within any of the categories of privileged conduct set forth in Vehicle and Traffic Law § 1104(b) (see Kabir v County of Monroe, 16 NY3d 217; Katanov v County of Nassau, 91 AD3d 723, 725; Tatishev v City of New York, 84 AD3d 656, 657). Thus, the plaintiff's claim was governed by principles of ordinary negligence, and not the reckless disregard standard under Vehicle and Traffic Law § 1104(e), as contended by the defendants (see Katanov v County of Nassau, 91 AD3d at 725; Tatishev v City of New York, 84 AD3d at 657).
Since the evidence submitted in support of the defendants' motion presents a triable issue of fact as to whether Jimenez was negligent in the operation of his vehicle, and the defendants do not argue on this appeal that his actions did not amount to negligence, the Supreme Court did not err in denying their motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not address the defendants' remaining contention.
DILLON, J.P., AUSTIN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court