Cooney v Port Chester Police Dept. (2022 NY Slip Op 01440)





Cooney v Port Chester Police Dept.


2022 NY Slip Op 01440


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-10380
 (Index No. 61021/17)

[*1]John D. Cooney, appellant, 
v
Port Chester Police Department, et al., respondents.


Rosenberg Minc Falkoff & Wolff, LLP, New York, NY (Jesse M. Minc of counsel), for appellant.
O'Connor, McGuiness, Conte, Doyle, Oleson, Watson & Loftus, LLP, White Plains, NY (Montgomery L. Effinger of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated August 22, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when the vehicle he was operating collided with a police vehicle operated by the defendant Michael J. Giandurco at an intersection in the Village of Port Chester. The plaintiff commenced this personal injury action against Giandurco, Port Chester Police Department, and the Village. Thereafter, the defendants moved for summary judgment dismissing the complaint. In an order dated August 22, 2019, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b)" (Kabir v County of Monroe, 16 NY3d 217, 220; see Martinez v Incorporated Vil. of Freeport, 181 AD3d 947, 947). Even where there is no dispute that the driver was involved in an emergency operation of an authorized vehicle, where the injury-causing conduct did not fall within any of the categories of privileged conduct set forth in Vehicle and Traffic Law § 1104(b), the plaintiff's claim is governed by principles of ordinary negligence (see Kabir v County of Monroe, 16 NY3d at 220; Holliday v City of New Rochelle, 195 AD3d 1002; Martinez v Incorporated Vil. of Freeport, 181 AD3d at 947).
Here, the defendants failed to eliminate triable issues of fact as to whether Giandurco engaged in specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b) and whether the reckless disregard standard of care was therefore applicable (see Martinez v Incorporated Vil. of Freeport, 181 AD3d at 947; Reid v City of New York, 148 AD3d 739, 740). [*2]The defendants also failed to establish, prima facie, that under principles of ordinary negligence, Giandurco was not at fault in the happening of the accident (see Martinez v Incorporated Vil. of Freeport, 181 AD3d at 947; Reid v City of New York, 148 AD3d at 740). Since the defendants failed to meet their prima facie burden, we need not consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
The plaintiff's remaining contentions are either academic or without merit.
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court