Beverly v County of Suffolk (2024 NY Slip Op 02295)

Beverly v County of Suffolk

2024 NY Slip Op 02295

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-01297
 (Index No. 615926/17)

[*1]Kelvin R. Beverly, appellant, 
v
County of Suffolk, et al., respondents.

The Odierno Law Firm P.C. (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (Pamela Jean Cullington and Stephanie Hill of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated December 13, 2022. The order, insofar as appealed from, granted the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2016, the defendant Andrew P. Young, a police officer employed by the defendant Suffolk County Police Department, was operating a police vehicle and was in the process of changing lanes from the right southbound lane of New Highway in Babylon, into the left southbound lane, when his vehicle collided with the passenger side of a vehicle operated by the plaintiff, which was traveling in the same direction in the left lane. At the time of the accident, Young was transporting an arrestee to a police station without the aid of emergency lights or sirens. The plaintiff commenced this personal injury action against Young, Suffolk County Police Department, and the defendant County of Suffolk. Subsequently, the defendants cross-moved for summary judgment dismissing the complaint, contending that Young was engaged in an emergency operation, that his conduct was governed by the reckless disregard standard, and that he did not act with reckless disregard for the safety of others. By order dated December 13, 2022, the Supreme Court, inter alia, granted the defendants' cross-motion for summary judgment dismissing the complaint. The plaintiff appeals.
The defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint by establishing that Young was engaged in an emergency operation, that he was engaged in privileged conduct pursuant to Vehicle and Traffic Law § 1104(b)(4), and that, as a matter of law, Young's conduct did not rise to the level of reckless disregard for the safety of others (see Proce v Town of Stony Point, 185 AD3d 975, 976-978). "[T]he reckless disregard standard of care in Vehicle and Traffic Law § 1104(e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104(b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence" (Kabir v County of Monroe, [*2]16 NY3d 217, 220). Here, the evidence submitted in support of the defendants' cross-motion clearly established that Young was engaged in an emergency operation at the time of the accident, as he was transporting an arrestee to a police station (see Vehicle and Traffic Law § 114-b). The plaintiff does not take issue with this conclusion on appeal. In fact, the plaintiff, on appeal, concedes that, at the time of the accident, Young was transporting an arrestee and was therefore engaged in an emergency operation under Vehicle and Traffic Law § 114-b.
Additionally, the defendants established, prima facie, that Young was engaged in privileged conduct at the time of the accident, as the driver of an authorized emergency vehicle is permitted to, inter alia, "[d]isregard regulations governing directions of movement" (id. § 1104[b][4]; see Kabir v County of Monroe, 16 NY3d at 222-224). Here, at the time of the accident, Young altered his direction of movement upon making a lane change (see Vehicle and Traffic Law § 1128[a]). As such, contrary to the contentions of the plaintiff, Young's conduct was governed by the reckless disregard standard (see Kabir v County of Monroe, 16 NY3d at 220).
Further, the defendants established, prima facie, that Young did not act with reckless disregard for the safety of others. The reckless disregard standard "demands more than a showing of a lack of 'due care under the circumstances'—the showing typically associated with ordinary negligence claims. It requires evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (Saarinen v Kerr, 84 NY2d 494, 501, quoting Prosser & Keeton, Torts § 34 at 213 [5th ed 1984]; see Frezzell v City of New York, 24 NY3d 213, 217). "This standard requires a showing of more than a momentary lapse in judgment" (Puntarich v County of Suffolk, 47 AD3d 785, 786). Here, Young admitted at his deposition to failing to see the plaintiff's vehicle prior to merging into the left southbound lane of travel, despite, among other things, looking to his left prior to changing lanes. Although Young's conduct may have constituted a momentary lapse in judgment, it did not rise to the level of reckless disregard for the safety of others (see Frezzell v City of New York, 24 NY3d at 217-218; Saarinen v Kerr, 84 NY2d at 503; see e.g. Proce v Town of Stony Point, 185 AD3d at 975; Flood v City of Syracuse, 166 AD3d 1573).
In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' cross-motion for summary judgment dismissing the complaint.
DILLON, J.P., MALTESE, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court